UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES W. BARCLAY,

    Plaintiff,

vs.

CORIZON HEALTH, INC., et al.,

    Defendants.

CASE NO. 5:16-cv-00144-MW/EMT

**FOURTH AMENDED VERIFIED COMPLAINT
AND DEMAND FOR JURY TRIAL**

PLAINTIFF JAMES W. BARCLAY (hereinafter "BARCLAY"), by and through the undersigned counsel, files this FourthAmended Verified Complaint and Demand for Jury Trial against DEFENDANTS CORIZON HEALTH, INC., a foreign corporation (hereinafter "CORIZON"), AMBER THARP, L.P.N. (hereinafter "NURSE THARP"), BILLY MADDOX, L.P.N. (hereinafter "NURSE MADDOX"), ANDREA DAVIS A.R.N.P. (hereinafter "NURSE DAVIS"), and CENTURION OF FLORIDA, LLC, a Florida limited liability company (hereinafter "CENTURION"), each in their official and individual capacities, and alleges:

1. This is an action for compensatory and punitive damages alleging that the Defendants, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference to the recognized rights of the Plaintiff JAMES W. BARCLAY, while he was incarcerated at Northwest

Florida Reception Center 4455 Sam Mitchell Drive, in Chipley, Florida 32428-3597, beginning on September 7, 2015.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitutional and Laws of the United States.

3. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(A)(3), in that this action seeks to redress the deprivation, under color of state law, of rights as secured to BARCLAY by the Eighth and Fourteenth Amendments to the United States Constitution. BARCLAY's claims for relief are predicated upon 42 U.S.C. § 1983 which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to BARCLAY by the Constitution and Laws of the United States and by 42 U.S.C. § 1988 which authorizes the award of attorney fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983. BARCLAY has fully exhausted his administrative remedies.

## PARTIES

4. The Plaintiff, JAMES W. BARCLAY (hereinafter "BARCLAY"), at all times material to this action, was initially a resident of Washington County, Florida, incarcerated at Northwest Florida Reception Center 4455 Sam Mitchell Drive, in Chipley, Florida 32428-3597, on September 7, 2015, and has been a resident of Wakulla County, Florida, since November 1, 2018, while incarcerated at Wakulla Correctional Institution Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327-4963.

5.      The Defendant, CORIZON HEALTH, INC. (hereinafter "CORIZON"), at all times material is a foreign corporation and managed health care provider, whose principal address is 103 Powell Court, Brentwood, TN 37027.

6.      The Defendant, AMBER THARP, L.P.N. (hereinafter "NURSE THARP"), was a licensed practical nurse employed by CORIZON HEALTH, INC., through their contract with the Florida Department of Corrections and Corizon Health, Inc., at Northwest Florida Reception Center 4455 Sam Mitchell Drive, in Chipley, Florida 32428-3597. NURSE THARP is sued in her individual capacity. At all times material to this action NURSE THARP was acting under color of state law.

7.      The Defendant, BILLY MADDOX, L.P.N. (hereinafter "NURSE MADDOX"), was a licensed practical nurse employed by CORIZON HEALTH, INC., through their contract with the Florida Department of Corrections and the Corizon Health, Inc., at Northwest Florida Reception Center 4455 Sam Mitchell Drive, in Chipley, Florida 32428-3597. NURSE MADDOX is sued in her individual capacity. At all times material to this action NURSE MADDOX was acting under color of state law.

8.      The Defendant, ANDREA DAVIS, A.R.N.P. (hereinafter "NURSE DAVIS"), was a licensed practical nurse employed by CORIZON HEALTH, INC., through their contract with the Florida Department of Corrections and the Corizon Health, Inc., at Northwest Florida Reception Center 4455 Sam Mitchell Drive, in Chipley, Florida 32428-3597. NURSE DAVIS is sued in her individual capacity. At all times material to this action NURSE DAVIS was acting under color of state law.

9. The Defendant, CENTURION OF FLORIDA, LLC (hereinafter "CENTURION"), at all times material is a Florida limited liability company and managed health care provider, whose principal address is 7700 Forsyth Blvd., St. Louis, MO 63105.

## STATEMENT OF FACTS

10. On September 7, 2015, at approximately 7:30 P.M., BARCLAY declared a medical emergency for severe hernia pain because his testicles were swollen. BARCLAY was taken to medical at Northwest Florida Reception Center.

11. Upon arrival at the medical department, BARCLAY was examined by NURSE MADDOX and was found to have a hernia in his lower right abdomen groin area. NURSE MADDOX issued BARCLAY a hernia belt and administered a shot for pain.

12. BARCLAY repeatedly requested a low-bunk pass because he was still in severe pain after being given the pain shot by NURSE MADDOX and his testicles visibly were swollen the size of an orange. BARCLAY told NURSE MADDOX that it was impossible for him to climb up to the top bunk and to please give him a low-bunk pass. NURSE MADDOX told him to "shut the fuck up and quit crying like a baby. I'm not going to give you a low-bunk pass." There was no basis for denying BARCLAY a low-bunk pass other than MADDOX's deliberate and intentional indifference to BARCLAY's serious condition.

13. BARCLAY was ordered back to his dorm without a low-bunk pass. For eight (8) days BARCLAY had to endure severe and continuous pain in his lower abdomen and groin area due to NURSE MADDOX's deliberate indifference in failing to issue BARCLAY

4

a medically-necessary, lower-bunk pass, in spite of the obvious need. Such continuing severe pain was intensified every time BARCLAY had to climb up and down and off the top bunk. BARCLAY complained every day to the confinement officers to please take him to medical and get a low-bunk pass for him. Each time he was told by confinement officers that NURSE MADDOX informed him on September 7, 2015, that he was not going to be given a low-bunk pass and quit asking for it.

14. On the night of Tuesday, September 15, 2015, at approximately 9:50 P.M., BARCLAY once again declared a medical emergency after he fell and broke his leg while trying to climb onto the top bunk. BARCLAY could not climb onto the upper bunk because his enlarged testicles were causing him so much pain that he was unable to physically complete the necessary physical moves to climb onto the top bunk. This pain was severe and intense even though BARCLAY was wearing the hernia belt that had been provided to him. However the repeated need, between September 7 and September 15, to climb on and off the top bunk just exacerbated the intense pain that he had been feeling from the swollen testicles which was the original cause of his medical emergency on September 7 and the subsequent pain and additional severe medical conditions that flow from it would not have happened but for the refusal of NURSE MADDOX to issue him a low-bunk pass from September 7, 2015, in spite of his visibly obvious and diagnose serious need for the low-bunk pass

15. BARCLAY's cell mate, Inmate Michael E. Howard, Jr., DC #PO3678, witnessed these events.

16. When the Confinement Officers responded to the medical emergency on September 15, 2015, they told BARCLAY's cell mate, Inmate Michael Howard, to cuff up. When the Officers pulled Mr. Howard from the cell, the Officers went inside and asked BARCLAY if he could walk and BARCLAY said no. BARCLAY was then placed in handcuffs and on a portable stretcher and carried to medical by two barbers who were helping with showers.

17. Upon arrival at the medical department, BARCLAY was examined by Defendants NURSE MADDOX and NURSE THARP. NURSE THARP she examined BARCLAY's right leg and told him there was nothing visibly wrong with his right leg. NURSE THARP gave BARCLAY some ibuprofen and at that time issued him a temporary, 3-day, low-bunk pass.

18. The following morning September 16, 2015, NURSE DAVIS was making her rounds through G-Dorm confinement and came to check on BARCLAY's condition to see how he was doing. At that time, BARCLAY told NURSE DAVIS that he was still experiencing severe pain in his right leg and appeared to be symptoms that are associated with broken bone because he was nauseous, getting sick to his stomach at the smell of food and throwing up, when he moved a certain way, and that he could not sleep unless he was sitting up because of his severe pain in his right leg. NURSE DAVIS totally ignored BARCLAY's serious medical condition and did nothing in response to BARCLAY's serious medical necessity and obvious need for medical treatment. BARCLAY was left in severe pain from approximately 9:30 A.M., September 16, 2015, until the following morning at

approximately 10:00 A.M., September 17, 2015, from NURSE DAVIS' failure to provide adequate care for his serious medical needs even though NURSE DAVIS was aware that BARCLAY's leg was swollen and turning blue on the morning of September 16, 2015, when BARCLAY also showed NURSE DAVIS his leg while all the while complaining that it was turning blue and he was experiencing severe pain, all to no avail. From the morning of September 16, 2015, until September 17, 2015, BARCLAY had to endure severe pain and needless suffering from NURSE DAVIS' deliberate indifference to his obvious, serious medical need.

19.  On September 16, 2015, after NURSE DAVIS left confinement, BARCLAY, throughout the day and night, declared a medical emergency to no avail.

20.  On Monday, September 17, 2015, at approximately 9:00 A.M., BARCLAY was taken to the medical department and given x-rays. During the x-ray exam, the x-ray technician called NURSE DAVIS into the x-ray room and asked her to look at the x-rays because she might want to see what he was saying. When NURSE DAVIS, A.R.N.P. and Head Nurse, looked at the x-rays, she said "this is exactly what I need to see." At that point NURSE DAVIS left the x-ray room to get some paperwork prepared for an order that BARCLAY be taken to Bay Medical Center in Panama City, Florida, for surgery. BARCLAY administratively exhausted all claims in compliance with the Litigation Reform Act by submitting timely grievances which were all appealed to Tallahassee and finally denied.

21. This serious medical need and deliberate indifference by the above-mentioned defendants and the moving force behind BARCLAY's constitutional violations and continuous and permanent disability and deformity of his right leg due to the intentional, delay of providing medical care by the above-named defendants where after surgery at Bay medical Center BARCLAY was still experiencing severe, acute pain in his right leg on a continuous bassi from September 7, 2015, to the present time.

22. During his stay at Bay Medical Center, BARCLAY underwent surgery which required the placement of three (3) screws in his right leg to treat the problem with his broken leg. In March 2017, BARCLAY underwent a second, unrelated surgery for his hernia pursuant to the class-action settlement against CORIZON for its deliberate and intentional failure to properly treat inmates with hernia issues for financial reasons.

23. On May 12, 2017, BARCLAY submitted an informal, Inmate Grievance, Grievance Number 209-1705-0237, to D.C. Hadad, complaining of intense pain in his right leg, which was sometimes so severe he could not walk because his right leg could not support his weight. This pain is caused by the original failure of NURSE DAVIS and NURSE MADDOX to provide care to BARCLAY in September 2015, when he was experiencing hernia pains and he fell while attempting to climb onto his upper bunk and broke his leg. BARCLAY received a response to this Grievance on May 31, 2017, stating he should address those concerns of intense leg pain, inability to walk, etc., in a Sick-Call Request. BARCLAY immediately submitted a Sick-Call Request.

24. On June 16, BARCLAY was placed on the Sick-Call List to see a Duty Physician in response to the Sick-Call Request he submitted after receiving the denial of Grievance Number 209-1705-0237. Meanwhile he continued to experience intense pain in his right leg.

25. On June 20, 2017, BARCLAY was seen by RMC Main Unit OPC (on-duty physician), Dr. Law, and it was her determination based on the x-rays of BARCLAY's hip and right leg area as well as his description of the symptoms he was experiencing, Dr. Law made a medical diagnosis of a disease known as a vascular Neurosis in the upper right leg, femoral bone in his hip joint area. Avascular Necrosis is a bone condition where the bone cartilage deteriorates due to a lack of living blood cells in that area of the bone. It can also be considered a form of degenerative bone disease or cancer, but treatable only by replacement of the bone in that area so infected.

26. On July 28, 2017, a referral was made for BARCLAY to be seen by an outside orthopedic to determine the type of treatment needed. The Florida Department of Corrections and CENTURION OF FLORIDA, LLC, failed to follow through with the assessment and their delayed medical care constitutes deliberate indifference to his serious medical need that left his right leg worse and could be life-threatening, degenerative bone disease or cancer leading to BARCLAY's serious injury including death. Note: Centurion of Florida, LLC, replaced Corizon Health, Inc., as the Florida Department of Corrections contracted healthcare provider in May of 2016. This intentional refusal to provide BARCLAY with the outside orthopedic consult constitutes deliberate indifference to

9

BARCLAY's serious medical condition for the sole purpose of causing him to suffer constant and severe pain with the full knowledge of his healthcare providers. Such medical delay is the moving force behind BARCLAY's hip and right leg deterioration. BARCLAY has no plain, adequate or complete remedy at law to redress wrongs described herein. BARCLAY has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which BARCLAY is seeking.

27.  CENTURION has adopted the same policy of denying healthcare to inmates to enhance their economic profits they seek to maximize under their healthcare contract.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983 CLAIM AGAINST CORIZON HEALTH, INC.

28.  BARCLAY hereby realleges and incorporates by reference the allegations contained in paragraphs 10 through 22 above, as if set forth in full herein.

29.  Count I is brought against Defendant CORIZON pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of BARCLAY, as an individual with hernia and a broken leg that required testing and treatment to prevent substantial health deterioration and even death.

30.  CORIZON and or its employees or agents knew that from September 7, 2015t through September 17, 2015, that BARCLAY had severe pain resulting from his hernia condition, swollen testicles which were intensely painful which made it extremely difficult and painful for him to climb onto the top bunk and a broken leg from falling from that top

10

bunk and that if these things were not adequately addressed, it could result in serious and irreparable harm and even death to BARCLAY.

31. By September 7, 2015, CORIZON and/or its employees/agents knew BARCLAY was suffering from a hernia, swollen testicles which was causing him great pain to the extent he declared a medical emergency.

32. Despite knowledge of BARCLAY's serious medical needs, CORIZON and/or its employees or agents were deliberately indifferent to those medical needs in failing to provide necessary medical care and treatment to BARCLAY.

33. CORIZON and/or its employees or agents knew that taking no action or insufficient action could result in the rapid and permanent deterioration of BARCLAY's health and even his death.

34. At all times relevant to this Complaint, CORIZON's customs, policies and intentional delay in providing adequate, medical healthcare for the plaintiff's serious medical conditions constitutes deliberate indifference by subjecting the Plaintiff, JAMES W. BARCLAY, to cruel and unusual punishment through the unnecessary and wanton, continued infliction of severe pain. DEFENDANT CORIZON's decision to take the less efficacious course of treatment in the name of cost prevention and medical care actually provided by CORIZON is so cursory as to amount to no treatment at all, thus depriving the plaintiff of his right to adequate health medical care for his serious medical condition under the Eighth Amendment.

11

35. As a direct and proximate result of CORIZON's intentional, outright denial of medical treatment and/or deliberate indifference toward BARCLAY's serious medical needs, BARCLAY suffered great physical injury, pain, discomfort, and mental anguish in violation of BARCLAY's Eighth and Fourteenth Amendment rights.

36. As a result BARCLAY suffered damages in an amount to be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future, the losses are either permanent or continuing and the plaintiff will suffer the losses in the future. BARCLAY also seeks reasonable attorney fees and costs, prejudgment interest and further relief as this Court deems appropriate.

### COUNT II – 42 U.S.C. § 1983 CLAIM AGAINST AMBER THARP, L.P.N.

37. BARCLAY hereby realleges and incorporates by reference the allegations contained in paragraphs 10 through 22 above, as if set forth in full herein.

38. At all times relevant NURSE AMBER THARP, L.P.N., was a nurse, employed at Northwest Florida Medical Reception Center.

39. BARCLAY charges that NURSE THARP, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference by failing to provide necessary and recommended medical care and treatment in a timely manner.

40. BARCLAY, on September 7, 2015, through September 17, 2015, pursuant to the policy of CORIZON to deny medical care for economic reasons pursuant to maximizing their profit under their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

41. The failure to take action by NURSE THARP was an exercise of deliberate indifference to the health safety and welfare and constitutional rights of the plaintiff, an inmate suffering from a severe and obvious medical condition, under color of state law.

42. NURSE THARP, with the full knowledge of the unconstitutional nature of her actions, agreed and did exercise deliberate indifference to the safety and health of Plaintiff BARCLAY.

**COUNT III – 42 U.S.C. § 1983 CLAIM AGAINST NURSE BILLY MADDOX, L.P.N.**

43. BARCLAY hereby realleges and incorporates by reference the allegations contained in paragraphs 10 through 22 above, as if set forth in full herein.

44. At all times relevant NURSE BILLY MADDOX, L.P.N., was a nurse, employed at Northwest Florida Medical Reception Center.

45. BARCLAY charges that NURSE MADDOX, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference by intentionally failing to provide necessary and recommended medical care and treatment in a timely manner after September 7, 2015, through September 17, 2015, pursuant to the policy of CORIZON to deny medical care for economic reasons

13

pursuant to maximize their profit pursuant to their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

46. The failure to take action by NURSE MADDOX, specifically her decision to intentionally deny BARCLAY a low-bunk pass after witnessing the severe medical condition he was experiencing, swollen testicles causing him intense pain and the inability to walk without help and climb into an upper bunk, was an exercise of deliberate indifference to the health safety and welfare and constitutional rights of Plaintiff BARCLAY, under color of state law.

47. NURSE MADDOX, with the full knowledge of the unconstitutional nature of her actions, agreed to and did exercise deliberate to the safety and health of Inmate BARCLAY in the failure to properly treat his serious medical condition.

**COUNT IV – 42 U.S.C. § 1983 CLAIM AGAINST NURSE ANDREA DAVIS, A.R.N.P.**

48. BARCLAY hereby realleges and incorporates by reference the allegations contained in paragraphs 10 through 22 above, as if set forth in full herein.

49. At all times relevant NURSE ANDREA DAVIS, A.R.P.N., was a nurse, employed at Northwest Florida Medical Reception Center.

50. BARCLAY charges that NURSE DAVIS, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference by intentionally failing to provide necessary and recommended medical care and treatment in a timely manner after September 7, 2015, through September 17, 2015, pursuant to the policy of CORIZON to deny medical care for economic reasons

pursuant to maximize their profit pursuant to their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

51. The failure to take action by NURSE DAVIS, specifically her decision to intentionally deny BARCLAY a low-bunk pass after witnessing the severe medical condition he was experiencing, swollen testicles causing him intense pain and the inability to walk without help and climb into an upper bunk, was an exercise of deliberate indifference to the health safety and welfare and constitutional rights of Plaintiff BARCLAY, under color of state law.

52. NURSE DAVIS, with the full knowledge of the unconstitutional nature of her actions, agreed to and did exercise deliberate to the safety and health of Inmate BARCLAY in the failure to properly treat his serious medical condition.

**COUNT V – 42 U.S.C. § 1983 CLAIM AGAINST CENTURION OF FLORIDA, LLC**

53. BARCLAY hereby realleges and incorporates by reference the allegations contained in paragraphs 23 through 27 above, as if set forth fully herein.

54. Count V is brought against CENTURION pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical needs of BARCLAY as an individual with avascular necrosis which arose out of the failure to timely treat his broken leg which requires an outside orthopedic consult to prevent substantial health deterioration and even death.

55. CENTURION and/or its employees or agents knew from May 2017 that BARCLAY had severe pain resulting from his broken leg which was intensely painful which made it difficult for him to walk and as a result of the complications from the broken leg he

15

had previously suffered and if these things were not adequately addressed it could result in serious, irreparable harm or even death to BARCLAY. By July 28, 2017, CENTURION and/or its agents knew BARCLAY was suffering from severe and intense pain which required an outside consult based on the opinion of their own medical providers and have failed to do so.

56. Despite knowledge of BARCLAY's serious medical needs, CENTURION and/or its employees or agents were deliberately indifferent to those medical needs in failing to provide necessary medical care and treatment to BARCLAY solely for the purpose of limiting their costs and maximizing their profits under their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

57. At all times relevant to this Complaint CENTURION's customs, policies and intentional delay in providing adequate medical healthcare for the plaintiff's serious medical needs constitutes deliberate indifference by subjecting the plaintiff, JAMES W. BARCLAY, to cruel and unusual punishment, through the unnecessary and wanton continued infliction of severe pain caused by their failure to follow through on the outside orthopedic consult. Defendant CENTURION's decision take the less efficacious course of treatment in the name of cost prevention and medical care actually provided by CENTURION is so cursory as to amount to no treatment at all thus depriving the plaintiff of his right to adequate healthcare treatment for his serious medical conditions under the Eighth Amendment.

58. As a direct and proximate result of CENTURION's intention and outright denial of medical treatment and/or deliberate indifference toward BARCLAY's serious

16

medical needs and their failure to follow through on the outside orthopedic consult, BARCLAY has suffered grave physical injury, pain and discomfort and mental anguish in violation of BARCLAY's Eighth and Fourteenth Amendment rights.

59. As a result BARCLAY has suffered damages in an amount to be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense for his care and treatment in an effort to alleviate and cure his injuries and will continue to incur additional expenses in the future, the losses are either permanent or continuing and the plaintiff will suffer the losses in the future even after his release from prison.

60. BARCLAY also seeks reasonable attorney fees and costs prejudgment interest and further relief as this court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF JAMES W. BARCLAY, respectfully prays this Honorable Court for entry of judgment awarding the following relief:

A. A declaration that the acts and omissions of the defendants described herein violated BARCLAY's Eighth and Fourteenth Amendments protection from cruel and unusual punishment through the exercise of deliberate indifference.

B. Compensatory damages against Defendant CORIZON.

C. Compensatory damages against Defendant NURSE THARP.

D. Compensatory damages against Defendant NURSE MADDOX.

E. Compensatory damages against Defendant NURSE DAVIS.

17

F.  Compensatory damages against Defendant CENTURION.

G.  Punitive damages against all Defendants.

H.  Recovery of all fees and costs of this action.

I.  Any further relief this Court deems just, proper and equitable, including injunctive relief, ordering BARCLAY's health care provider to provide him with an outside medical consult and all treatment recommended by that outside medical expert.

Plaintiff respectfully demands a jury trial on all issues so triable

## VERIFICATION

I affirm, under the penalty of perjury, that the foregoing document is true and correct to the best of my personal knowledge, information and belief.

_____
JAMES W BARCLAY

Respectfully submitted,

_____
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY, ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
JAMES W BARCLAY

LEGAL MAIL
Provided to
Wakulla CI

MAR 18 2019
FOR MAILING